*In re* HEARMAN'S ESTATE.

*(Supreme Court, General Term, Third Department.* November 26, 1890.)

CLAIMS AGAINST DECEDENT'S ESTATE.

   Where, in a proceeding to sell real estate of a decedent for payment of his debts, the evidence in support of a claim litigated by the devisees has been closed and the case submitted for decision, the surrogate has no power to reopen the case and receive new testimony without notice to the devisees or their attorney, who were thereby deprived of their right to contest given by Code Civil Proc. N. Y. § 2755.

Appeal from surrogate's court, Rensselaer county.

This is an appeal from a decree establishing and allowing a claim of Jacob H. Snyder against Peter D. Hearman, deceased, in a proceeding to sell the real estate of the deceased for the payment of his debts. The devisees interested in the real estate appeal.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*R. H. McClellan,* for appellants. *Orin Gambell,* for respondent.

LANDON, J. Proceedings were instituted before the surrogate by the executor to obtain the proper order or decree to lease, mortgage, or sell the real estate of the deceased for the payment of his debts. The proper parties were cited and appeared, and several hearings had. The claim of Jacob H. Snyder upon a note alleged to have been given him by the deceased was contested by the executor and the devisees. McClellan & McClellan appeared for the executor; Mr. G. H. Hearman appeared for the devisees, these appellants. One of the defenses to the note was the statute of limitations. December 16, 1889, the matter was submitted to the surrogate for decision upon the evidence. The surrogate's term of office expired December 31, 1889. December 30, 1889, upon the affidavit of the attorney of the claimant, Snyder, that further material evidence in his favor had been discovered, the surrogate granted an order requiring "McClellan & McClellan, attorneys for the executors, devisees, and other persons interested in the estate of the said Peter D. Hearman," to show cause at the surrogate's court to be held, etc., December 31, 1889, at 12 o'clock noon, why the hearing should not be reopened for the purpose of introducing further testimony upon the part of said Jacob H. Snyder. The order was served upon McClellan & McClellan, but not upon Mr. Hearman, who had appeared for the devisees. Mr. McClellan appeared before the surrogate's court upon the return-day, and in behalf of the executor made sundry objections to reopening the case. The surrogate decided to reopen the case, whereupon Mr. McClellan withdrew. The surrogate then received additional testimony, and thereafter made an order allowing the claim of Snyder, and made an interlocutory order establishing the debts and providing for an appraisal of the real estate preliminary to the final order in the premises. The devisees excepted.

It thus appears that the case was reopened, and new testimony was received to support Snyder's claim, without notice to the devisees or their attorney. Their right to contest the validity of this claim (Code Civil Proc. § 2755) was thus impaired. The order and decree are reversed as against the appellants, with costs to them against Snyder, and the case is sent back to the surrogate's court for a new trial of the claim, and for such further proceedings as may be proper. All concur.